**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN D. WALKER, ) | No. C 06-4316 MMC (PR) |
| Plaintiff, ) | **ORDER OF DISMISSAL** |
| v. ) | |
| MICHAEL EVANS, et al., ) | (Docket No. 2) |
| Defendants. ) | |

On July 14, 2006, plaintiff a California prisoner incarcerated at Salinas Valley State Prison ("SVSP") and proceeding pro se, filed the above-titled civil rights complaint pursuant to 42 U.S.C. § 1983, alleging the facilities have not been properly maintained and the three meals he receives per day are not sufficient. He has applied for leave to proceed in forma pauperis.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. at § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

1    The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide
2 that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C.
3 § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other
4 correctional facility until such administrative remedies as are available are exhausted."
5 42 U.S.C. § 1997e(a).  The exhaustion requirement under § 1997e(a) is mandatory and not
6 merely directory.  Porter v. Nussle, 122 S. Ct. 983, 988 (2002).  All available remedies
7 must be exhausted; those remedies "need not meet federal standards, nor must they be
8 'plain, speedy, and effective.'"  Id. (citation omitted).  Even when the prisoner seeks relief
9 not available in grievance proceedings, notably money damages, exhaustion is a
10 prerequisite to suit.  Id.; Booth v. Churner, 532 U.S. 731, 741 (2001).  Exhaustion is a
11 prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve
12 general conditions or particular episodes, and whether they allege excessive force or some
13 other wrong.  Porter, 122 S. Ct. at 992.

14    Because exhaustion under § 1997e(a) is an affirmative defense, a complaint may be
15 dismissed for failure to exhaust only where such deficiency is obvious from the face of the
16 complaint and/or attached exhibits, see Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir.)
17 (2003), cert. denied Alameida v. Wyatt, 540 U.S. 810 (2003), or where the prisoner has
18 "conceded nonexhaustion" and "no exception to exhaustion applies."  Id. at 1120.  Here,
19 plaintiff concedes in his complaint that he has not exhausted his administrative appeals,
20 stating he did not present his claim for review through the grievance procedure "because
21 you only have 15 days to use grievance procedure, these conditions have been ongoing for
22 over a year."  (See Complaint at 2.)

23    There is no authority for the proposition that exhaustion is excused where the
24 challenged prison condition is "ongoing."  Indeed, as the very purpose of administrative
25 grievances is to redress inadequate prison conditions, this Court will not to read such an
26 exception into the exhaustion requirement.  See, e.g., Booth, 532 U.S. at 741 n.6 (stating
27 Supreme Court "will not read futility or other exceptions into statutory exhaustion
28 requirements").

In sum, under § 1997e(a), plaintiff was required to present his claims to each level of administrative review before raising those claims in a § 1983 complaint in federal court. Because it is clear from the complaint that plaintiff has not done so, and there is no applicable exception to the exhaustion requirement, the instant complaint is subject to dismissal.

Accordingly, the above-titled action is hereby DISMISSED, without prejudice to plaintiff's refiling his claim after all available administrative remedies have been exhausted.

In light of the dismissal, leave to proceed in forma pauperis is DENIED and no fee is due.

This order terminates Docket No. 2.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: December 11, 2006

_____
MAXINE M. CHESNEY
United States District Judge

3